IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:10-cv-22051-JLK

CARLOS ACUTIN,

    Plaintiff,

vs.

THE CITY OF MIAMI BEACH,
SGT. ALBERTO ESTRAVIZ,
LT. STEVEN DUQUE, and
OFCR. JOSEPH DUQUE

    Defendants.

_____/

## ORDER GRANTING, WITHOUT PREJUDICE, DEFENDANTS' MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendants' City of Miami Beach, Sgt. Alberto Estraviz, and Lt. Joseph Duque Motion to Dismiss and/or for More Definite Statement (DE #4), filed June 29, 2010.[1] After careful consideration and for the reasons set forth below, the Court determines that the motion should be granted.

### I.    Factual Allegations

Plaintiff's Complaint centers on actions taken by Miami Beach police officers against Plaintiff during a traffic stop. Plaintiff states that he was improperly pulled over and that the officers asked him to perform a street-side sobriety test. Plaintiff notified the officers that he was suffering from leg soreness, which robbed him of his usual balance. Compl. ¶9. Nonetheless, the officers forced Plaintiff to perform the sobriety test, which he presumably failed. Compl. ¶10. They subsequently arrested and handcuffed him. Compl. ¶11. Accordingly to Plaintiff, the

---

[1] Plaintiff, although granted a 20-day extension on July 20, 2010 to file a response to Defendants' Motion to Dismiss, has failed to file any such response to date.

officers twice tased him while he was handcuffed. Compl. ¶11. Additionally, the officers "facilitated the levying of serious charges against Plaintiff in connection" with the DUI stop and subsequent arrest; charges which were later dismissed. Compl. ¶13-14. Plaintiff also claims, although without factual support, that Defendants participated in a "cover up."

Incorporating these allegations and stating no others, Plaintiff purports to state four causes of action: 1) 42 U.S.C § 1983 claim against Defendant officers; 2) 42 U.S.C. § 1983 claim against the City of Miami Beach; 3) excessive force against the City of Miami Beach; and 4) excessive force against Defendant officers. Defendants moved to dismiss Plaintiff's Complaint. In support of their motion, Defendants stated the following grounds: failure to state a cause of action; failure to satisfy the heightened pleading requirement of a claim under § 1983; and failure to identify with particularity actions by individual officers. (DE #4).

## II. Legal Standard

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir. 2003). A complaint may be dismissed only if the facts as pleaded fail to state a facially plausible claim to relief. *See Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating former "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) ("Pleadings must be something more than an ... exercise in the conceivable.") (quoting *United States v. Students Challenging Regulatory Ag. Proc.,* 412 U.S. 669, 688 (1973)). Finally, in analyzing the sufficiency of the complaint, the Court limits its

consideration to "the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

### III. Discussion

After careful consideration, the Court finds that Defendants' objections are well-taken and that Plaintiff's Complaint must be dismissed without prejudice to amendment. Specifically, the rules of pleading require Plaintiff to state one legal claim for each count in the Complaint. *Davis v. Coca-Cola Bottling Co. Consolidated*, 516 F.3d 955 (11th Cir. 2008). Plaintiff, however, in Count I has sought to recover for excessive force, violation of civil rights, and constitutional claims such as Equal Protection and unreasonable search and seizure. Compl. ¶16-20. Count II is even more egregious, as Plaintiff seeks to recover against the City of Miami Beach under such diverse theories as the Fourth Amendment, Fifth Amendment, Fourteenth Amendment, pattern or practice, and under a theory of conspiracy or "cover up." Compl. ¶21-29. Counts III and IV do not differ from Plaintiff's disregard for the recognized one-claim-per-count requirement. Compl. ¶30-27. The Court's authority to dismiss a complaint for such violations is unquestioned. *See Dennis v. City of North Miami*, Case No. 07-22126, 2008 WL 783737, 8 (S.D. Fla. Mar. 21, 2008) (dismissing complaint which improperly combined multiple legal claims in an individual count).

Furthermore, Plaintiff's Complaint insufficiently pleads in Counts I and IV both their factual foundation and the factual allegations vis-à-vis the individual defendants. For claims arising under § 1983, a plaintiff is required to identity with specificity the acts of individual defendants where possible. *Ripley v. City of Lake City*, Case No. 04-1328, 2006 WL 2194594, *4 (M.D. Fla. Aug. 2, 2006), *aff'd* 218 Fed. Appx. 948 (11th Cir. 2007) (requiring factual

3

specificity regarding individual defendants in pleading § 1983 claim); *Harris v. Dist. Bd. of Trustees of Polk Comm.*, 981 F. Supp. 1459, 1462 (M.D. Fla. 1997) (same). Nonetheless, Plaintiff here fails to identify any specific actions taken by either of the individual Defendants here in either Count I or Count IV.

Counts II and III also fail to state a cause of action. For example, in addition to its other fatal flaws noted above, Count II improperly pleads conspiracy under § 1983. It is well-settled in this circuit that "[v]ague and conclusory allegations suggesting a § 1983 conspiracy are insufficient to withstand a motion to dismiss." *Hansel v. All Gone Towing Co.*, 132 Fed. Appx. 308, 309 (11th Cir. 2005). And yet, those are the only types of allegations raised by Plaintiff, as he refers to "cover up" only in passing as it pertains to the preparation of false investigative reports meant to vindicate the use of force, whether justified or not. Compl. ¶25(a)-(f). Plaintiff's allegations are not factual, but instead conclusory. However, conclusory statements are insufficient to escape a motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007). Count III fails for similar reasons.

Accordingly, the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendants' Motion to Dismiss (DE # 4) be, and the same is, hereby **GRANTED.**
2. Plaintiff's Complaint (DE #1) is **DISMISSED WITHOUT PREJUDICE.**
3. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 31st day of August, 2010.

*/s/ James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

4

**Cc:**

**Counsel for Plaintiff**
**Michael Benjamin Feiler**
Feiler & Leach, PL
901 Ponce De Leon Boulevard
Penthouse Suite
Coral Gables, FL 33134-3009
305-441-8818
Fax: 305-441-8081
Email: mbf@flmlegal.com

**Nicole Freedlander**
Nicole Freedlander PA
PO Box 402653
Miami, FL 33140
305-674-4844
Fax: 305-674-4855

**Counsel for Defendants**
**Kimberly Anne McCoy**
Office of the City Attorney
City of Miami Beach
1700 Convention Center Drive
Fourth Floor
Miami Beach, FL 33139
305-673-7000 x 6463
Fax: 305-673-7002
Email: kimberlymccoy@miamibeachfl.gov